**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-378-FDW-DSC**

| | |
|---|---|
| ADVANTAGE SOLAR, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ACCELERATE SOLAR, LLC, )<br>)<br>Defendant. )<br>) | **ORDER** |

THIS MATTER is before the Court *sua sponte* following Defendant's filing in response to this Court's show cause Order issued October 24, 2019 (Doc. No. 13). For the reasons stated in Defendant's Response (Doc. No. 16) and in light of Defendant's filing of an Answer (Doc. No. 17), the Court will not dismiss for failure to prosecute or enter default.

Also before the Court is Defendant's Motion to Dismiss, (Doc. No. 8), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion ahs been fully briefed by the parties, (Docs. Nos. 14, 15), and is now ripe for ruling. For the reasons stated in Defendant's motion and reply to the motion, the Court dismisses Plaintiff's claim for conversion. See also Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 163-67 (4th Cir. 2018) (finding "crux of this matter is and always has been a contract dispute," and holding the economic loss rule in North Carolina bars the conversion claim arising out of the contract dispute) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998)).

The Court finds that dismissal at this early stage of Plaintiff's claim for unjust enrichment, plead as an alternative basis, is premature. Rule 8(d) of the Federal Rules of Civil Procedure explicitly permits a party to make alternate and inconsistent claims. See Thimbler, Inc. v. Unique Sols. Design, Ltd., No. 5:12-CV-695-BR, 2013 WL 4854514, at *6 (E.D.N.C. Sept. 11, 2013)

(citing River's Edge Pharms., LLC v. Gorbec Pharms. Servs., Inc., No. 1:10CV991, 2012 WL 1439133, at *19 (M.D.N.C. Apr. 25, 2012) ("While a party cannot recover under both a claim for breach of contract and a claim for unjust enrichment, a party may pursue alternative claims at the motion to dismiss stage of the litigation."); James River Equip., Inc. v. Mecklenburg Utils., Inc., 634 S.E.2d 557, 560 (N.C. Ct. App. 2006) ("It is well-established that '[l]iberal pleading rules permit pleading in the alternative,' and that [breach of express contract and quantum meruit] theories may be pursued in the complaint even if plaintiff may not ultimately be able to prevail on both." (first alteration in original) (citation omitted)), appeal dismissed and disc. rev. denied, 644 S.E.2d 226 (N.C. 2007)).

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 8) is GRANTED IN PART and DENIED IN PART. The parties should promptly confer pursuant to Rule 26 of the Federal Rules of Civil Procedure and submit a report in accordance with the Federal Rules and the Court's standing orders.

IT IS SO ORDERED.

Signed: November 12, 2019

Frank D. Whitney
Chief United States District Judge