# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00378-FDW-DSC

| | |
|---|---|
| ADVANTAGE SOLAR LLC, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM AND ORDER** |
| ACCELERATE SOLAR LLC, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion for Leave to Amend Counterclaims" (document # 24) and "Defendant's Motion for Leave to Join Third Parties as Counterdefendants" (document # 26) filed January 30, 2020, as well as the parties' briefs and exhibits. See documents ##25, 27-31.

Accelerate Solar LLC designs and installs solar photovoltaic systems. Accelerate engaged Advantage Solar LLC to sell its solar systems to customers in North and South Carolina pursuant to a Master Installation Services Agreement. Advantage filed the instant action alleging that Accelerate breached the Agreement by failing to pay approximately $450,000 in fees due.

Accelerate alleges that Advantage's principals and employees, including Christopher England and Jared Latimer, were lying to its prospective customers about the solar systems Accelerate planned to install, and did in fact install. Accelerate also alleges that Advantage intentionally misled its customers about the solar systems and the financial incentives available.

Accelerate brought counterclaims against Advantage for breach of contract, unjust enrichment, fraud, tortious interference with contracts, and unfair and deceptive trade practices.

Accelerate now asserts that it has developed facts sufficient to join England and Latimer in their personal capacities as counter-defendants and to amend the counterclaims to allege that they were directly involved in the fraud and unfair and deceptive trade practices. Accelerate also contends that England and Latimer so dominated and controlled Advantage that the corporate veil should be pierced to hold them personally liable.

The Court has carefully examined the record, the parties' arguments, and the applicable authorities. For the following reasons, the Court will grant Accelerate's Motions.

Rule 13(h) of the Federal Rules of Civil Procedure is a mechanism that allows a defendant to add new parties to a counterclaim under Rule 19 or Rule 20. Fed. R. Civ. P. 13(h). Rule 20(a)(2) provides that defendants may be joined in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P.20(a)(2).

The Court finds that Accelerate's claims against England and Latimer arise out of the same series of transactions or occurrences comprising its original counterclaims against Advantage. Questions of law or fact common to Advantage and the proposed counter-defendants will arise in this action. Further, joining the proposed counter-defendants in this action will not defeat this Court's jurisdiction since there is complete diversity among the parties. Therefore, the Court grants leave for Accelerate to join England and Latimer in this action.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, the court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006).

"An amendment would be futile if the complaint, as amended, would not withstand a motion to dismiss." Elrod v. Busch Entm't Corp., 479 F. App'x 550, 551 (4th Cir. 2012) (citing Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011)). Futility of amendment may be based on the proposed pleadings if the defendant can show that the plaintiff's claims are incapable of surviving a motion to dismiss. Devil's Advocate, LLC v. Zurich Am. Ins. Co., 666 F. App'x 256, 267 (4th Cir. 2016). But, the review for futility "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Accelerate moves to amend its counterclaims to include additional factual allegations that England and Latimer were directly involved in the fraud and unfair and deceptive trade practices and that they so dominated and controlled Advantage that the corporate veil should be pierced to hold them personally liable. In response, Advantage asserts that the proposed amendments are

futile because they would not survive a motion to dismiss for lack of personal jurisdiction and the absence of any basis to hold them individually liable for the actions underlying Accelerate's counterclaims.

In evaluating whether the amendment is futile for lack of personal jurisdiction, all factual disputes must be resolved in favor of the non-moving party. The non-moving party must make a prima facie showing that the exercise of personal jurisdiction is proper. See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Vishay Intertechnology, Inc. v. Delta International Corp., 696 F.2d 1062, 1064 (4th Cir. 1982); General Latex and Chemical Corp. v. Phoenix Medical Technology, Inc., 765 F. Supp. 1246, 1248 (W.D.N.C. 1991). A plaintiff must prove facts sufficient for the court to find that it has personal jurisdiction. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

Plaintiffs must show that the exercise of personal jurisdiction over Defendants complies with the forum state's long-arm statute and the constitutional requirements of due process. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). Since "the North Carolina long-arm statute [N.C. Gen. Stat. § 1-75.4] has been interpreted as the legislature's attempt to allow the exercise of personal jurisdiction in all cases where such jurisdiction does not contravene due process, [the] normal two-step inquiry merges into one." Id. (citing Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977)). See also Thomas Centennial Communications Corp., No. 3:05CV495, 2006 WL 6151153, at *2 (W.D.N.C. December 20, 2006).

To be consistent with the limitations of due process, a defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts may be established by showing "general" or "specific" jurisdiction. Helicopteres Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

A court may exercise general jurisdiction over a non-resident defendant if that defendant has contacts with the State that are so "continuous and systematic" as to render them "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). The Court finds that England and Latimer have not had continuous and systematic contacts with North Carolina.

In the absence of general jurisdiction, a court may exercise specific jurisdiction over the defendant in a cause of action arising from that defendant's activities in the forum state. The Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

As the Fourth Circuit has explained, "our reasonableness analysis is designed to ensure that jurisdictional rules are not exploited 'in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at a 'severe disadvantage' in comparison to his opponent.'" Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985)). As the Fourth

Circuit stated in the final analysis, "[f]airness is the touchstone of the jurisdictional inquiry." Tire Eng'g. & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 301 (4th Cir. 2012), cert. denied, 133 S. Ct. 846 (2013).

Applying those principles to the jurisdictional facts here, Accelerate has made a prima facie showing that the exercise of personal jurisdiction over England and Latimer is proper. England and Latimer conducted business for Advantage in North Carolina. This action arises from the sale of solar panels in the Charlotte and Myrtle Beach areas. The exercise of personal jurisdiction is constitutionally reasonable. Accordingly, the Court finds that the proposed counterdefendants are subject to specific jurisdiction and therefore, the proposed amendments are not futile for lack of personal jurisdiction.

Advantage also argues that the amendment is futile because any acts by Latimer and England were undertaken on behalf of Advantage. The Court disagrees.

As a general rule, "a corporation is an entity, separate and distinct from its officers and stockholders, and ... its debts are not the individual indebtedness of its stockholders." Landress v. Tier One Solar LLC, 243 F.Supp.3d 633, 643 (M.D.N.C. 2017)(quoting DeWitt Truck Brokers, Inc. v. W. Ray Fleming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976)). However, "it is well recognized that courts will disregard the corporate form or 'pierce the corporate veil,' and extend liability for corporate obligations beyond the confines of a corporation's separate entity, whenever necessary to prevent fraud or to achieve equity." Glenn v. Wagner, 329 S.E.2d 326, 330 (N.C. 1985) (citation omitted). "The standard for piercing the corporate veil is high, but its purpose is to 'achieve an equitable result' by 'focus[ing] on reality and not form, on how the corporation operated and the [defendants'] relationship to that operation.'" Flame S.A. v. Freight Bulk Pte.

Ltd., 807 F.3d 572, 587 (4th Cir. 2015) (first alteration in original)(quoting Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 544 (4th Cir. 2013)).

Accelerate alleges that England and Latimer were directly involved in the fraud and unfair and deceptive trade practices. Accelerate has also alleged that England and Latimer solely managed Advantage's affairs, aided only by the independent sales representatives they recruited, trained, and supervised. They were Accelerate's primary contacts and were individually involved with Accelerate's prospective customers, either directly or through their sales staff. Accelerate has also alleged that they dominated and controlled Advantage so that it had no independent identity, was undercapitalized, and failed to maintain ordinary and necessary company records. The Court finds that these facts, taken as true and viewed in the light most favorable to Accelerate, provide a sufficient basis for individual liability for England and Latimer. Therefore, the amendment is not futile.

The Court finds that not only is this amendment not futile but it will not result in undue delay or prejudice to Defendant, and is not made in bad faith. Therefore, the Court grants leave allowing Accelerate to amend its Answer to add England and Latimer as counterdefendants and amend its counterclaims.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's "Motion for Leave to Amend Counterclaims" (document #24) is **GRANTED**.
2. Defendant's "Motion for Leave to Join Third Parties as Counterdefendants" (document #26) is **GRANTED**.
3. Defendant shall file its Amended Answer within seven days of this Order.

4. The Clerk is directed to send copies of this Order to the parties' counsel and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: March 12, 2020

David S. Cayer
United States Magistrate Judge